**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PRESIDIO, INC., *et al*, | : | Case No. 2:21-CV-5779 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | Magistrate Judge Deavers |
| | : | |
| | : | |
| PEOPLE DRIVEN TECHNOLOGY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**AGREED PRELIMINARY INJUNCTION
REGARDING DEFENDANT THOMAS SCHLOTTERER**

Plaintiffs Presidio, Inc., Presidio Networked Solutions LLC, and Presidio Networked

Solutions Group, LLC (collectively, "Presidio") and Defendant Thomas Schlotterer ("Schlotterer,"

and together with Presidio, the "Parties"), by and through their respective undersigned counsel,

hereby agree and stipulate to the entry of a Preliminary Injunction which supersedes and replaces

this Court's Temporary Restraining Order (Doc. # 20) with respect to Schlotterer only, and submit

their stipulation for Court approval and entry.

WHEREAS, on December 15, 2021, Presidio filed a Motion for Temporary Restraining

Order and Preliminary Injunction (Doc # 8) (the "Motion") and on December 28, 2021, this Court

entered a Stipulated Temporary Restraining Order; and

WHEREAS, Defendant Schlotterer does not oppose Presidio's proposed Preliminary

Injunction as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties

through their counsel as follows:

1

1. Defendant Schlotterer, as well as all persons acting in concert with him, who receive notice of this Order, are enjoined and ordered as follows pending this Court's final adjudication of this case:

   a. Defendant Schlotterer shall refrain from directly or indirectly using, disclosing, copying, or transmitting Presidio's confidential or trade secret information for any purpose. Moreover, Defendant Schlotterer shall maintain in confidence any Presidio confidential information or trade secret that he is aware of that is known to him or anything relating to that information.

   b. For a period from the date of entry of this Order until December 27, 2022, Defendant Schlotterer shall not encourage; solicit; induce; or attempt to encourage, solicit, or induce any other employee, agent, or representative of Presidio to leave their employment with Presidio or devote less than full time efforts to Presidio's business for any reason. Defendant Schlotterer will not hire or attempt to hire for any position with any other business, any person who is an employee, agent, or representative of Presidio at such time or who has been an employee, agent, or representative of Presidio at any time within the last 90 days.

   c. For a period from the date of entry of this Order until December 27, 2022, Defendant Schlotterer shall not directly or indirectly encourage; solicit; induce; or attempt to encourage, solicit, or induce any current customer, client, or contractor of Presidio from ending its business relationship with Presidio, or starting a business relationship with himself or any third party on his behalf, or on behalf of any third party. These customers, clients, and contractors include, but are not limited to, all customers, clients, and contractors that Defendant Schlotterer

2

provided services for during the last twenty-four months of his employment with Presidio, or whom Defendant Schlotterer was aware maintained a business relationship with Presidio during the last twenty-four months of his employment with Presidio (the "Contracting Parties").

d. For a period from the date of entry of this Order until December 27, 2022, Defendant Schlotterer shall not transact any business with or work on any matters involving the Contracting Parties, whether individually or via an employer or contractor. Nothing in this section shall prevent Defendant Schlotterer from working on the business of a Contracting Party as an employee of that Contracting Party provided he does not work with People Driven Technology, Inc. ("PDT") in any capacity.

e. Nothing in this Order shall prevent Defendant Schlotterer from working as an employee of a Contracting Party provided he does not work with PDT in any capacity.

2. Defendant Schlotterer shall continue to be bound by and comply with all expedited discovery deadlines in connection with the Motion, as well as the Computer Forensic Protocol dated February 1, 2022, executed by counsel for all parties in this action.

This Order shall remain in full force and effect until superseded by another Order of this Court or, with respect to subparagraphs 1(b), (c), and (d) hereof only, until the provisions expire as described herein.

3

Respectfully submitted:

Dated: February 17, 2022

/s/ D. Michael Crites
D. Michael Crites (0021333), Trial
Attorney
Lindsay K. Gerdes (0100896)
Joseph K. Merical (0098263)
DINSMORE & SHOHL, LLP
191 West Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax: (614) 628-6890
michael.crites@dinsmore.com
lindsay.gerdes@dinsmore.com
joseph.merical@dinsmore.com

Robert S. Friedman (PHV)
Joshua I. Schlenger (PHV)
Shin Han (PHV)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, New York
Telephone: (212) 653-8700
E-mail: rfriedman@sheppardmullin.com
    jschlenger@sheppardmullin.com
    shahn@sheppardmullin.com

Attorneys for Plaintiffs

/s/ Samuel Schlein (by /s/ D. Michael Crites
per 2/15/22 email authorization)
Samuel Schlein (0092194)
Marshall Forman & Schlein LLC
250 Civic Center Drive Suite 480
Columbus, Ohio 43215
Phone: (614) 463-9790
Fax: (614) 463-9780
sschlein@marshallforman.com

Attorneys for Defendant Thomas
Schlotterer

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**UNITED STATES DISTRICT JUDGE**

**DATED: March 3, 2022**

4