IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PRESIDIO, INC.,** *et al.*,

    **Plaintiffs,**

                                Civil Action 2:21-cv-5779
                                Chief Judge Algenon L. Marbley
    v.                              Magistrate Judge Elizabeth P. Deavers

**PEOPLE DRIVEN TECHNOLOGY,
INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to File First Amended Complaint *Instanter* (ECF No. 90), Plaintiffs' Motion for Leave to File Under Seal (ECF No. 94), and Plaintiffs' Unopposed Motion for Leave to File Under Seal (ECF No. 115). For the reasons set forth below, Plaintiffs' Motions are **GRANTED**.

Plaintiffs primarily seek leave to file an Amended Complaint,[1] specifically to add Defendants Michael Martin and Jeffrey Ely and to add additional causes of action based on "newly discovered evidence." (*Id.*) In support, Plaintiffs argue that "[e]xpedited discovery in this Action has unveiled that [D]efendants Schlotterer and Schlaumleffel were not the only PDT employees who stole Presidio confidential and proprietary information and actively used that same information to benefit PDT at Presidio's expense: Martin and Ely did so as well." (*Id.*)

---

[1] Plaintiffs filed the subject briefing and proposed Amended Complaint with redactions, and subsequently sought leave to file the same under seal. (ECF Nos. 94, 115.) Defendants did not oppose Plaintiffs' requests to file under seal. Accordingly, for good cause shown and for the reasons set forth in the Court's February 17, 2022 Order, ECF No. 38, Plaintiffs' Motion for Leave to File Under Seal, ECF No. 94, and Plaintiffs' Unopposed Motion for Leave to File Under Seal, ECF No. 115, are **GRANTED**.

1

Plaintiffs submit that "[r]ather than filing a new action against Martin and Ely, Plaintiffs are moving this Court for leave to amend in order to conserve judicial resources and to obtain a more efficient and orderly resolution of Plaintiffs' claims." (*Id.*)  In response, Defendants argue that the Court should deny Plaintiffs' Motion because the proposed amendment is futile, for three reasons:

> *First*, Presidio's breach-of-contract claims against Mr. Martin and Mr. Ely fail because neither Mr. Ely nor Mr. Martin had non-solicitation or confidentiality agreements with Presidio, and their agreements with their prior employer—*Netech*—do not apply to **Presidio's** information or employees. *Second*, Presidio's trade-secret claims against Mr. Martin and Mr. Ely are futile because Presidio has not adequately pleaded either the existence or misappropriation of Presidio's trade secrets. *Finally*, Presidio's additional unjust-enrichment and tortious-interference claims are futile because they are plainly preempted by Ohio law.

(ECF No. 102 (emphasis in original).)[2]  Plaintiffs then filed a Reply brief setting forth why they believe the amendments are not futile and why the Court should permit amendment.  (ECF No. 114.)  Accordingly, the matter is ripe for judicial review.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While Defendants are correct that futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend is appropriate at this time.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual

---

[2] Defendants also request oral argument in the caption of their Opposition brief.  (ECF No. 102 at PAGEID # 2248.)  Pursuant to Local Rule 7.1, the Court will hold oral arguments if "it is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented."  S.D. Ohio Civ. R. 7.1(b)(2).  Defendants did not expand on their request for oral argument, and accordingly have not demonstrated that this matter rises to a level of complexity necessary to justify oral argument.  Moreover, having reviewed the issues involved in the subject briefing, the Court finds that oral argument is not essential to the fair resolution of this matter.  Accordingly, Defendants' request is **DENIED**.

2

difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiffs to amend the Complaint under Rule 15's liberal standard, with the understanding that any Defendant is free to challenge the Amended Complaint through a motion to dismiss or a motion for judgment on the pleadings. *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No. 2:14–cv–243, 2014 WL 6821163, at *3 (S.D. Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss").

Accordingly, for good cause shown, Plaintiffs' Motion for Leave to File First Amended Complaint *Instanter*, ECF No. 90, is **GRANTED** pursuant to Federal Rule of Civil Procedure 15. The Clerk is **DIRECTED** to file the First Amended Complaint for Temporary, Preliminary, and Permanent Injunctive Relief and Damages (the "First Amended Complaint") which is attached to the subject Motion. (ECF No. 90-1.) Because the First Amended Complaint attached to the subject Motion is redacted, Plaintiffs are **DIRECTED** to: (i) provide unredacted and less redacted copies of the First Amended Complaint, designated "ATTORNEYS' EYES ONLY —

SUBJECT TO PROTECTIVE ORDER," pursuant to the Stipulated Protective Order (ECF Doc. No. 23), to counsel for Defendants and Defendants, respectively, within **FOURTEEN (14) DAYS** of the date of this Order; and (ii) file a motion for leave to file and serve (subject to the "ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER") an unredacted version of the First Amended Complaint under seal, within **FOURTEEN (14) DAYS** of the date of this Order.  Any disputes regarding Plaintiffs' redactions or designations shall be resolved pursuant to the Stipulated Protective Order, ECF No. 23.

    The Clerk is **DIRECTED** to detach and file the Amended Complaint which is attached to the Motion.  (ECF No. 90-1.)

    **IT IS SO ORDERED.**

Date: October 28, 2022                           /s/ *Elizabeth A. Preston Deavers*
                                                         ELIZABETH A. PRESTON DEAVERS
                                                         UNITED STATES MAGISTRATE JUDGE