## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**PRESIDIO, INC.,** *et al.***,**

    **Plaintiffs,**

                                  **Civil Action 2:21-cv-5779**
                                  **Chief Judge Algenon L. Marbley**
    **v.**                                **Magistrate Judge Elizabeth P. Deavers**

**PEOPLE DRIVEN TECHNOLOGY,**
**INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Compel Compliance with Subpoena to Michael Martin or, in the Alternative, for Leave to Serve Expedited Request for Production. (ECF No. 163 (the "Motion to Compel").) For the reasons that follow, the Motion to Compel (ECF No. 163) is **DENIED**.

## I.

On July 13, 2022, Plaintiffs served Defendant Michael Martin (then a non-party to this action) with a subpoena, commanding Mr. Martin to produce a personal hard drive (the "Martin Hard Drive") he referenced during his May 4, 2022 deposition. (*See* ECF No. 107-2.) On July 18, 2022, Mr. Martin filed a Motion to Quash that subpoena as a non-party, arguing that it was deficient for a number of reasons. (ECF No. 107.) On July 20, 2022, the Court entered the Stipulated Renewed Preliminary Injunction Regarding Defendant People Driven Technology, Inc., which in part stayed discovery in this action for sixty (60) days while the parties pursued mediation efforts. (ECF No. 111.) On August 5, 2022, the Court denied the Motion to Quash without prejudice to refiling upon the expiration of the stay. (ECF No. 116.)

The parties' mediation efforts were unsuccessful, so the stay expired on September 19, 2022.  On October 14, 2022, the Court set a new case schedule, which in part established a discovery deadline of January 3, 2023.  (ECF No. 121.)  On December 20, 2022, the Court extended the discovery deadline through January 17, 2023.  (ECF No. 154.)

On March 9, 2023 – more than seven weeks after the close of discovery – Plaintiffs filed the subject Motion to Compel, seeking either to compel compliance with the July 13, 2022 subpoena, or alternatively for an order permitting Plaintiffs to re-serve the subpoena as an expedited request for production.  (ECF No. 163.)  Plaintiffs argue that "[t]hough the mediation failed to result in a settlement . . . [Defendant] Martin has never refiled his Motion to Quash," and that "the refusal to produce the Martin Hard Drive is highly concerning and clearly relevant and central to Plaintiffs' claims against PDT and Martin, as well as whether Defendants are complying with the agreed-upon preliminary injunction."  (*Id.*)

In response, Defendant Martin first argues that Plaintiffs' Motion to Compel is too late, and that Plaintiffs "do not attempt to meet the good cause standard" that is necessary to modify a scheduling order under Federal Rule of Civil Procedure 16(b)(4).  (ECF No. 170.)  Defendant Martin also argues that "it has always been undisputed that the [hard drive] at issue belongs to [Defendant] Martin's wife," not Defendant Martin, making it improper to compel Defendant Martin to produce something that is not his.  (*Id.*)  Defendant Martin further argues that Plaintiffs are misusing Rule 45 to circumvent Rule 34, and that the subpoena at issue is overbroad in how it defines the information Defendant Martin discussed during his deposition.  Finally, Defendant Martin recycles many of the arguments from the earlier Motion to Quash – specifically that the subject subpoena is deficient for a number of reasons, including that it violated the 100-mile rule,

lacked a witness fee, and did not provide a reasonable time to comply – before submitting that he was not actually required to refile the Motion to Quash upon the expiration of the stay. (*Id.*)

In Reply, Plaintiffs argue that Defendant Martin "cannot demonstrate any prejudice or burden that he would suffer as a result of having to produce the Hard Drive," and that his "refusal to turn over the Hard Drive is further in blatant violation of the Court-ordered Stipulated Renewed Preliminary Injunction Regarding Defendant People Driven Technology, Inc. [], which affirmatively required the return of all Presidio confidential information by PDT and its employees and agents." (ECF No. 193.) Plaintiffs submit that their Motion to Compel is timely because they "requested production of the Hard Drive from Martin multiple times *before* the close of fact discovery in the Action." (*Id.* (emphasis in original).) Plaintiffs also submit that "[t]he Court should similarly reject [Defendants'] technical objections to the Subpoena," and that whether the hard drive at issue belongs to Defendant Martin or his wife "is a distinction without a difference" because Defendant Martin "was undeniably in possession and control of the Hard Drive since he used it while it was employed at Presidio and subsequently while he was employed at PDT." (*Id.*) The matter is thus fully briefed and ripe for judicial review.

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery.

3

S.D. Ohio Civ. R. 37.1.  Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion.  *Id.*  The Court is satisfied that this prerequisite has been met here.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).  "'It is well established that the scope of discovery is within the sound discretion of the trial court.'"  *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).  The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome."  *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue

burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (citation omitted)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

### III.

Applying the foregoing authority, the Motion to Compel is not well taken. As a preliminary and dispositive matter, the Court agrees with Defendants that the Motion to Compel is untimely. It is well established that courts are reluctant to consider motions to compel filed after the close of discovery. *See Pittman*, 901 F.3d at 642–643 (collecting cases). Nevertheless, courts retain the discretion to do so where "special circumstances" justify their tardiness. *Stewart v. Neil*, No. 1:16-CV-1056, 2021 WL 1192741, at *5 (S.D. Ohio Mar. 30, 2021) (citing *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08-CV-408, 2015 WL 6157915, at *5 (S.D. Ohio Oct. 20,

2015); *Nathan v. Ohio State Univ.*, No. 2:10-CV-872, 2012 WL 5342711, at *7 (S.D. Ohio Oct.

29, 2012); *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)

("The district court has discretion to consider an untimely motion to compel if the movant offers

an acceptable explanation for the motion's tardiness.") (quoting *U.S. ex rel. Becker v.*

*Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002))).

Under these circumstances, however, Plaintiffs have failed to articulate an acceptable

explanation for the delay in filing the subject Motion to Compel. Plaintiffs affirmatively submit

that they first learned of both the existence and relevance of the Martin Hard Drive on May 4,

2022, and that they first requested production of the hard drive on May 17, 2022.[1] (ECF No. 163

at PAGEID ## 4266-4267.) Yet Plaintiffs did not file the subject Motion until March 9, 2023,

over ten (10) months after learning about the subject hard drive, nearly nine (9) months after

issuing the underlying subpoena, nearly six (6) months after the discovery stay expired, and

nearly two (2) months after the close of discovery.

Given this lengthy timeline, the Court rejects Plaintiffs' arguments that they needed to

wait for Defendant Martin to confirm he would not produce the hard drive before coming to the

Court, and that it was not Plaintiffs' fault that such confirmation "occurred after fact discovery

was over." (ECF No. 193 at PAGEID # 8852.)[2] Plaintiffs fail to acknowledge that they could

---

[1] The Court notes that Plaintiff's counsel immediately requested that the hard drive "be turned over" during Defendant Martins' May 4, 2022 deposition. (*See* ECF No. 170-3 at PAGEID # 4462.)

[2] These facts also lead the Court to conclude that Plaintiffs have failed to establish good cause sufficient to modify the Court's scheduling order, to the extent Plaintiffs' request would require the Court to extend the discovery deadline under Federal Rule of Civil Procedure 16(b)(4). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.") (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do

have, and indeed should have, moved to compel the production of the hard drive months prior, while discovery was ongoing, and Defendant Martin was participating as a party.  Consequently, the Court is unsympathetic to Plaintiffs' expressed excuses for the delay.  Accordingly, the Court finds that no special circumstances are present to justify Plaintiffs' tardiness in filing the subject Motion, and the Court finds it inappropriate to re-open discovery.  *McNamee v. Nationstar Mortg., LLC*, No. 2:14-CV-1948, 2021 WL 5339533, at *4 (S.D. Ohio May 17, 2021) (denying an untimely motion to compel where "the circumstances on which Plaintiff relies are not special and would not have prevented him from seeking to compel further discovery responses before the deadline expired.").

This ends the judicial inquiry, but the Court feels compelled to add that Plaintiffs' request is further misplaced because the record clearly establishes that Defendant Martin never had possession, custody, or control of the hard drive.  A party has "possession, custody or control" of something when it has *actual* possession, custody or control or when it has the *legal right* to obtain the item on demand.  *Turner v. Children's Hosp. Med. Ctr.*, No. 1:13CV230, 2015 WL 13653888, at *8 (S.D. Ohio Mar. 31, 2015) (citing *Craig v. Bridges Bros. Trucking LLC*, No. 2:12-cv-954, 2014 WL 3809786 (S.D. Ohio Aug. 1, 2014) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995))).  That said, "[f]amily relationships, such as between spouses, can suffice, especially if the facts show that a party has control over documents in the possession of a non-party spouse "as a matter of practical fact."  *Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953, 2014 WL 3928293, at *2 (S.D. Ohio Aug. 12, 2014) (citation omitted).

But that is not the case here, as Defendant Martin has indisputably established not only that the hard drive belonged to his wife, but also that she primarily used it for her own business

---

so only if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quotation omitted).

purposes as a photographer and that it contained her client's personal photographs.  (*See* ECF No. 170-3 at PAGEID # 4462 ("It was my wife's, for her photography business."); ECF No. 170-7 at PAGEID # 4484 ("The hard drive identified in the subpoena belongs to my wife. She used it for her photographer business, and it has personal pictures for her clients.").)  Plaintiffs, on the other hand, have only established that Defendant Martin has used the hard drive.  But that does not mean that Defendant Martin has control over the hard drive "as a matter of practical fact," especially given that the subject hard drive contains personal photographs of Defendant Martin's wife's photography clients.  *Husted*, 2014 WL 3928293, at *2; *see also* 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2210 (3d ed. 2023) ("The concept of 'control' is very important in applying [Rule 34], but the application of this concept is often highly fact-specific.").

The fact remains that nothing stopped Plaintiffs from issuing a subpoena to Defendant Martin's wife, and indeed they should have done just that upon learning that the hard drive belonged to her.  The Court cannot now reward Plaintiffs' oversight by directing Defendant Martin to produce something that does not belong to him, months after the close of discovery in this case.  Accordingly, Plaintiffs' Motion to Compel Compliance with Subpoena to Michael Martin or, in the Alternative, for Leave to Serve Expedited Request for Production, ECF No. 163, is **DENIED**.

**IT IS SO ORDERED.**

Date: May 8, 2023                              ____/s/ *Elizabeth A. Preston Deavers*___
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**