IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PRESIDIO, INC.,** *et al.*, :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>**PEOPLE DRIVEN TECHNOLOGY, INC.,** :<br>*et al.*, :<br>:<br>Defendants. : | Case No. 2:21-cv-05779<br><br>Chief Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth P. Deavers |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Set Additional Motions for Oral Argument or Hearing at May 16, 2023 Hearing, to Expedite Briefing Schedule, and for Informal Discovery Conference (the "Motion") (ECF No. 218), in which Plaintiffs make three requests.

*First*, Plaintiffs ask that the Court consider and address two additional motions—Plaintiffs' Motion to Compel Compliance with Subpoena to Michael Martin ("Martin Motion to Compel") (ECF No. 163) and Defendants' Motion to Preclude the Supplemental Expert Report of Plaintiffs' Expert Alex Barnett ("Barnett Motion to Preclude") (ECF No. 199)—at the evidentiary hearing currently scheduled in this matter for May 16, 2023 ("Evidentiary Hearing"). Since the filing of the Motion, the Martin Motion to Compel has been denied. (*See* Op. & Order, ECF No. 219). With respect to the Barnett Motion to Preclude, it is not apparent from the Motion what benefit Plaintiffs believe would accrue from having a live hearing on that motion; this Court trusts that the parties will skillfully present their respective arguments of law and fact in their briefing and will decide the motion on that basis. Accordingly, the first request is **DENIED IN PART AS MOOT and DENIED IN PART**.

*Second*, Plaintiffs ask that the Court expedite the briefing schedule for the Barnett Motion to Preclude, to allow for the issue to be briefed fully prior to the Evidentiary Hearing.  But, as this Court has concluded that oral argument on the motion at the hearing is unnecessary, this request is **DENIED**.

*Third*, Plaintiffs note that they served on Defendants a third set of supplemental responses and objections to interrogatories on May 2, 2023, in which they identified 52 additional trade secrets that Defendants allegedly misappropriated (the "Third Supplement").  Defendants oppose the inclusion of the Third Supplement as untimely.  Plaintiffs now ask that this Court consider at the Evidentiary Hearing whether the 52 additional trade secrets are permitted for inclusion or are untimely—an issue which implicates evidentiary questions of the same nature as those already contemplated for the Evidentiary Hearing (which is intended, in part, to allow the parties the opportunity to present evidence on whether the trade secrets identified in Plaintiffs' second set of supplemental responses were untimely).  The Court therefore finds that expanding the scope of the evidentiary hearing to include consideration of the trade secrets identified in the Third Supplement is appropriate.  This request is **GRANTED**.

Accordingly, Plaintiffs' motion is **DENIED IN PART AS MOOT, DENIED IN PART, and GRANTED IN PART**.  The parties are **ORDERED** to present evidence on whether the 52 trade secrets identified in the Third Supplement should be precluded as untimely.

**IT IS SO ORDERED.**

                                                       **ALGENON L. MARBLEY**
                                                       **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  May 9, 2023**